UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

BCO-119

No. 23-1683

JOHN DOE,
Appellant

v.

THE COLLEGE OF NEW JERSEY; KATHRYN FOSTER

(D.N.J. No. 1-22-cv-03283)

Present: SHWARTZ, CHUNG and SMITH, Circuit Judges

1. Clerk's submission for Possible Dismissal Pursuant to Jurisdictional Defect.

2. Sealed Response by Appellant to Clerk's Submission for Dismissal Pursuant to Jurisdiction Defect.

ORDER

This appeal is dismissed for lack of appellate jurisdiction. As a general rule, this Court's jurisdiction is limited to the review of final decisions of the district courts. 28 U.S.C. § 1291. Where, as here, the parties have not consented to proceed before the magistrate judge under 28 U.S.C. § 636(c), an appeal from an order issued by the magistrate judge must be made to the district court in the first instance. See 28 U.S.C. § 636(b)(1)(A); Siers v. Morrash, 700 F.2d 113, 116 (3d Cir. 1983). Thus, the March 31, 2023 order entered by the magistrate judge is not a final decision within the meaning of § 1291, and the Court lacks jurisdiction to review it. See Siers, 700 F.2d at 114-15 ("To be a 'final' order of the district court within the meaning of section 1291, the magistrate's decision must have been reviewed by the district court, which retains ultimate decision-making power."). Accordingly, we must dismiss the appeal. Appellant's request to stay the appeal, made in his April 27, 2023 jurisdictional response, is denied.

We note the appellant filed his response regarding jurisdiction under seal without permission to do so. See 3d Cir. L.A.R. 106.1(a). No basis for sealing the response is immediately apparent. If the appellant believes his response should remain sealed, he must file a motion seeking that relief. Any motion must "set[] forth with particularity the reasons why sealing is deemed necessary" and "specify the desired duration of the sealing order." See id. If no motion to seal is filed within ten days, the Clerk will unseal the appellant's response.

By the Court,

s/D. Brooks Smith
Circuit Judge

Dated: June 18, 2024
CLW/cc: Kristen Mohr, Esq.
      Phoenix N. Meyers, Esq.
      Elizabeth Micheletti, Esq.
      Thai L. Nguyen, Esq.

A True Copy:

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate